FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

2015 MAR 19 AM 9: 25

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD

ANTHONY KENNEY,

**Plaintiff,**

-vs-                                                                    **Case No.  A-15-CA-74-SS**

DEPARTMENT OF PUBLIC SAFETY,

**Defendant.**

---

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the Report and Recommendation of the United States Magistrate Judge [#3].  Plaintiff Anthony Kenney filed a Notice of Appeal [#5], which the Court construes as an objection to the Report and Recommendation.  Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following orders DISMISSING this action.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Having granted Kenney leave to proceed *in forma pauperis* (IFP), the Magistrate Judge duly performed a review of his claims pursuant to 28 U.S.C. § 1915(e) and found they should be dismissed.  Kenney is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th

Cir. 2008).   Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

### Analysis

As Kenney is proceeding IFP, the Court must screen his complaint to determine if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).  A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).  A complaint is frivolous when the facts alleged are "clearly baseless," such as where they describe fantastic or delusional scenarios, or when the legal theory upon which a complaint relies is "indisputably meritless," such as where the complaint alleges the violation of a legal interest which clearly does not exist. *Edlery v. Hockley Cnty. Comm'rs Court*, 589 F. App'x 664, 666–67 (5th Cir. 2014); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).  "A district court may dismiss under § 1915 for failure to state a claim if it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).  Dismissal under § 1915(e) may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).  However, *pro se* status does not offer a claimant "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Here, the Court agrees with the Magistrate Judge dismissal is appropriate. While his complaint is difficult to follow, it appears Kenney is complaining the Texas Department of Public Safety will not expunge two very old convictions for burglary and theft from his record, which has prevented Kenney from applying for jobs with the federal government or receiving a commercial driver's licence. As the Magistrate Judge observed, the complaint contains no cause of action. In his objection to the Report and Recommendation, Kenney states "[t]his claim is for 2nd Admendments [sic] rights and to expungement [sic] records to the NICS appeal FBI records." Kenney's complaint, however, has nothing to do with the right to keep and bear arms, and expungement of records is not a cause of action. Accordingly, it is patently obvious Kenney cannot prevail on the facts alleged, and dismissal for failure to state a claim is appropriate.

### Conclusion

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#3] is ACCEPTED; and

IT IS FINALLY ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

SIGNED this the ___19___$^{t}$ day of March 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

074 dism rr ok ba.frm